# EXHIBIT A

EFiled: Jun 21 2018 02:16PM EDT
Transaction ID 62162397
Case No. N18C-06-160 JRJ

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MELVIN A. CHUPANY,                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )      C. A. No. N18C-
                                  )
LEE A. STROUP and                 )      JURY TRIAL DEMANDED
SAVAGE SERVICES CORPORATION,      )
a foreign corporation,            )
                                  )
        Defendants.               )

### SUMMONS

THE STATE OF DELAWARE
TO THE SHERIFF OF NEW CASTLE COUNTY
YOU ARE COMMANDED:

     To summon the above-named Defendant, Savage Services Corporation, so that, within 20

days after service hereof upon Defendant, exclusive of the date of service, Defendant shall serve

upon Gary S. Nitsche, P.A., Plaintiff's attorney, whose address is 305 N. Union Street, Second

Floor, Wilmington, Delaware 19805 an Answer to the Complaint (and, if an affidavit of demand

has been filed, an affidavit of defense).

     To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of

demand if any has been filed by Plaintiff).

Date: 7/5/18

                              Susan A. Hearn
                                 Prothonotary
                              Erica Shields
                                 Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day

of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an

affidavit of demand has been field, an affidavit of defense), judgment by default will be rendered

against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

                              Susan A. Hearn
                                 Prothonotary
                              Erica Shields
                                 Per Deputy

2018 JUL -6 AM 8:01   SHERIFF'S HAND

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Jun 21 2018 02:16PM EDT
Transaction ID 62162397
Case No. N18C-06-160 JRJ

COUNTY:   (New Castle)   Kent   Sussex      CIVIL ACTION NUMBER: N18C-

| | |
|---|---|
| CAPTION: | Civil Case Code:   CPIA                    . |
| MELVIN A. CHUPANY, | Civil Case Type:   Personal Injury/Auto           . |
| Plaintiff, | Mandatory Non-Binding Arbitration (MNA) _____. |
| v. | Name and Status of Party Filing Document: |
| LEE A. STROUP and SAVAGE SERVICES CORPORATION, a foreign corporation, | Melvin A. Chupany, Plaintiff                    . Document Type:(e.g. Complaint, Answer with counterclaim) |
| Defendants. | Complaint                         . |
| | JURY DEMAND   X   Yes ____ No. |
| ATTORNEY NAME(S): GARY S. NITSCHE, P.A. JOEL H. FREDRICKS, ESQ. | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITALS |
| ATTORNEY ID(S); 2617 and 5336 | |
| FIRM NAME: WEIK, NITSCHE & DOUGHERTY, LLC | |
| ADDRESS: 305 N. Union Street, Second Floor P. O. Box 2324 Wilmington, DE  19899 | EXPLAIN THE RELATIONSHIP(S): _____ |
| TELEPHONE NUMBER: (302) 655-4040                    . | |
| FAX NUMBER: (302) 654-4892                       . | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: _____ |
| E-MAIL ADDRESS: gnitsche@attys4u.com            . jfredricks@attys4u.com           . | |

EFiled: Jun 21 2018 02:16PM EDT
Transaction ID 62162397
Case No. N18C-06-160 JRJ

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MELVIN A. CHUPANY,                          )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )     C. A. No. N18C-
                                            )
LEE A. STROUP and                           )     JURY TRIAL DEMANDED
SAVAGE SERVICES CORPORATION,  )
a foreign corporation,                      )
                                            )
          Defendants.                       )

## COMPLAINT

1.    The Plaintiff, Melvin S. Chupany, is a resident of the State of Delaware and resides at 719 North Scott Street, Wilmington, Delaware 19805.

2.    The Defendant, Lee A. Stroup, is a resident of the State of Pennsylvania and resides at 700 Cherry Tree Road, Apartment I 10, Aston, Pennsylvania 19014.

3.    The Defendant, Savage Services Corporation, is a foreign corporation and conducts business at 901 West Legacy Center Way, Midvale, Utah 94047,

4.    On or about December 12, 2016, the Plaintiff was at all times herein relevant exercising due care and was proceeding on Christiana Avenue near the Port of Wilmington, in the City of Wilmington, County of New Castle, State of Delaware.

5.    At or about the same time and place, the Defendant Lee A. Stroup, who was acting in the course and scope of his employment as the agent and/or employee of Defendant Savage Services Corporation, was proceeding in the Wilmington Organic Recycling Center parking lot, off of Christiana Avenue, near the Port of Wilmington, in the City of Wilmington, County of New Castle, State of Delaware, and turned left directly into the path of Plaintiff's vehicle, and negligently caused his vehicle to strike Plaintiff's vehicle with force and violence.

6.    The Defendant Lee A. Stroup, was negligent in the he:

    (a)    Failed to maintain a proper lookout;

    (b)    Failed to maintain proper control over his vehicle;

    (c)    Operated his motor vehicle in a careless manner in violation of 21 *Del. C.* §4176(a);

    (d)    Operated his motor vehicle in an imprudent manner in violation of 21 *Del. C.* §4176(a);

    (e)    Operated his vehicle without due regard for road and traffic conditions then existing in violation of 21 *Del. C.* §4176(a);

    (f)    Failed to maintain a proper lookout in violation of 21 *Del. C.* §4176(b);

    (g)    Failed to give his full time and attention to the operation of his motor vehicle in violation of 21 *Del. C.* §4176(b);

    (h)    Drove on the left side of the highway in violation of 21 *Del. C.* §4114;

    (i)    Failed to make a proper left turn at an intersection in violation of 21 *Del. C.* §4152(a)(2);

    (j)    Failed to control the speed of his motor vehicle as was necessary to avoid colliding with another motor vehicle on the highway in violation of 21 *Del. C.* §4168;

    (k)    As otherwise will be revealed through discovery in this case.

    7.    Each of the aforementioned acts of negligence of Defendant Lee A. Stroup are attributable to Defendant Savage Services Corporation by reason of the doctrine of *respondeat superior*.

    8.    Each of the aforementioned acts of negligence of the Defendants constitutes a proximate cause of the collision, injuries and damages resulting to the Plaintiff.

9.    As a proximate result of the aforesaid negligence of the Defendants, the Plaintiff

has suffered the following injuries and damages:

      (a)    Personal injuries all of which may be permanent;

      (b)    Pain and suffering by Plaintiffs;

      (c)    Medical expenses not covered by 21 *Del. C.* §2118, plus future medical

expenses.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for

personal injuries, pain and suffering, past and future medical expenses, interest pursuant to 6 *Del. C.*

§2301(d), and Court costs.

          WEIK, NITSCHE & DOUGHERTY, LLC

      BY:    */s/ Gary S. Nitsche*
           GARY S. NITSCHE, P.A.  (#2617)
           JOEL H. FREDRICKS, ESQ. (#5336)
           305 N. Union Street, Second Floor
           P.O. Box 2324
           Wilmington, DE  19899
           (302) 655-4040
           Attorneys for Plaintiff

3

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
07/12/2018
CT Log Number 533682024

TO:     Beth Kearsley, Paralegal
        Savage Services Corporation
        901 W Legacy Center Way
        Midvale, UT 84047-5765

RE:     **Process Served in Delaware**

FOR:    Savage Services Corporation  (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MELVIN A. CHUPANY, Pltf. vs. LEE A. STROUP and SAVAGE SERVICES CORPORATION, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Complaint, Answer, Report, Attachment(s) |
| **COURT/AGENCY:** | SUPERIOR COURT OF THE STATE OF DELAWARE, DE<br>Case # N18C06160JRJ |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 12/12/2016 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/12/2018 at 14:00 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Gary S. Nitsche<br>Weik, Nitsche & Dougherty<br>305 N. Union Street<br>Second Floor<br>Wilmington, DE 19805<br>302-655-4040 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/13/2018, Expected Purge Date: 07/18/2018<br><br>Image SOP<br><br>Email Notification,  Kelly Flint  kellyf@savagecompanies.com<br><br>Email Notification,  Beth Kearsley  bethkearsley@savageservices.com<br><br>Email Notification,  Megan Wayman  meganwayman@savageservices.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / IP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

00003

# WEIK, NITSCHE & DOUGHERTY, LLC
*ATTORNEYS AT LAW*

Joseph W. Weik
Gary S. Nitsche, P.A.*
Shawn Dougherty
--------------------
Joel H. Fredricks*
William R. Stewart, III~
Rachel D. Allen^
Katherine L. Hemming*
--------------------
Of Counsel:
Marc D. Ippoliti~

\* Also admitted in PA & NJ
~ Also admitted in PA
^ Also admitted in MD

305 North Union Street, Second Floor
P.O. Box 2324
Wilmington, DE 19899
Phone (302) 655-4040
Fax (302) 654-4892
www.weiknitsche.com

Other Locations:
Bear Office:
101 Becks Woods Drive
Suite 105
Bear, DE 19701
(302) 834-4040
--------------------
Smyrna Office:
33 Deak Drive, Suite 102
Smyrna, DE 19977
(302) 389-4040
--------------------
Georgetown Office:
Phone (302) 856-9868
By Appointment Only

E-mail: gnitsche@attys4u.com

April 26, 2018

Mr. Neil Wideman
Gallagher Bassett (Liability)
PO Box 2934
Clinton, IA 52733

RE:    Our Client:              Melvin A. Chupany
       Your Insured:            Savage Services
       Date of Accident:        12/12/2016
       Claim No.:               005033001128AB01

Dear Mr. Wideman:

As you know, I represent Melvin A. Chupany concerning personal injuries he sustained as a result of a motor vehicle accident that occurred on December 12, 2016. I previously sent you a copy of the police report that demonstrates that liability is clear. For your convenience, I am enclosing a complete copy of the medical records and reports. As you can see from the enclosed records, Melvin A. Chupany has suffered significant injuries and has required extended treatment. His injuries involve ribs, right ankle and body pains. I am also enclosing a complete copy of the medical bills to date. Based upon the foregoing, this claim warrants a demand in the amount of Thirty-Seven Thousand Five Hundred Dollars ($37,500.00). Please review this matter and get back to me within the next thirty (30) days. If I do not hear from you in that period of time, I am going to assume you have no interest in settling this matter and suit will be filed.

Mr. Neil Wideman
Gallagher Bassett (Liability)
April 26, 2018

Page 2 of 2


      Thank you for your courtesy and cooperation.

                    Very truly yours,

                    Gary S. Nitsche, P.A.

GSN/pg
Enclosures
#217-0016-09JF



Ross M. Ufberg, M.D.
*Medical Director*



Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

17 April 2018



Gary S. Nitsche
P.O. Box 2324
Wilmington, DE   19899

By: _____

RE:   Chupany, Melvin
WPRC #10572

Dear Mr. Nitsche:

Pursuant to your request, I am submitting this narrative report on Melvin Chupany, who I have been following for injuries sustained in a motor vehicle accident on 12/12/16. Attached, you will find copies of my medical records since 10/3/17 to complete your file concerning his care and treatment.

I first saw Mr. Chupany in regards to the 12/12/16 motor vehicle accident on 12/16/16, at which time he presented with the chief complaints of chest, neck, back, arm, forearm, and right ankle pain. He reported that he was a forty five year old, right-handed, male who was injured in a motor vehicle accident on 12/12/16. He stated that he was the driver of a Toyota Corolla, who was wearing his seatbelt, which was proceeding on Christina Avenue when a Mack truck came out of a business yard, striking his front driver's side tire area, with the front of the Mack truck spinning his car around, striking the driver side of his car in the rear, with him losing control and ending up going off the

Chupany, Melvin   #10572
17 April 2018
page 2

right side of the road, head on into a pole. He stated that his airbags did not discharge. He

denied striking his head or any loss of consciousness, but had difficulty recalling what

exactly had happened to him inside of his car at the time of the impacts. He reported that

his vehicle was totaled. Over the next twenty to thirty minutes he noted the onset of neck,

back, chest, and right ankle pain. He was taken by ambulance to Wilmington Hospital

Emergency Room, where he was evaluated with CT scans, and possibly x-rays performed.

He stated that he was diagnosed with fractures over the left-sided fourth and fifth ribs.

He described his chest pain as a constant ache and swollen sensation over his chest

and ribs, worse on the left side. He stated that laughing, coughing, or taking a deep breath

aggravated that pain.

He described his neck pain as soreness and stiffness over the back of his neck and

shoulder slopes. He noted marked soreness over his arms and forearms, right much worse

than left, with occasional numbness and stabbing ache over his right distal forearm going

down over the dorsum of his wrist. He denied any weakness in his upper extremities.

He described his back pain as an aching and stiffness across his mid and lower

back. He denied any pain radiating down his legs. He denied any weakness or numbness

in his lower extremities. He denied any bowel or bladder symptoms.

He described his ankle pain as marked soreness and stiffness over his right lateral

ankle, with increased pain with certain ankle movements.

When Mr. Chupany was last seen on 4/3/18, he continued to note problems with

significant right anterior ankle pain and swelling. This pain was aggravated with

Chupany, Melvin   #10572
17 April 2018
page 3

repetitive movement of his right ankle, including operating a forklift, or with prolonged

walking activities. He described occasional bad days with neck pain and stiffness. He had

no major problems with low back pain since his last visit of 2/6/18.

Mr. Chupany was temporarily totally disabled from his job duties as a laborer at

the Port of Wilmington, primarily operating a forklift, from 12/16/16 through 2/13/17.

Mr. Chupany's diagnoses, which I feel are causally related to the motor vehicle

accident of 12/12/16 include:

1.     Status-post chest trauma, with fractured left fourth and fifth ribs.

2.     Posterior tibial tendinitis, right leg.

3.     Right ankle sprain/strain.

4.     Cervical, thoracic, and lumbosacral strain.

5.     Bilateral arm and forearm strain.

6.     Cervicogenic headaches.

It is my opinion that Mr. Chupany has sustained a permanent injury to his right

lower extremity secondary to the motor vehicle accident of 12/12/16. In that regard, I

expect him to continue to note problems with significant right anterior ankle pain and

swelling, requiring medical follow-up evaluations three to four times a year at a cost of

$210 per visit, medication at a cost of $75 to $100 per year, in addition to outpatient

therapy six to nine visits every two to three years at a cost of $150 per visit for

exacerbations of his right ankle pain.

Chupany, Melvin  #10572
17 April 2018
page 4

Mr. Chupany will continue to have significant problems with right ankle pain and swelling, aggravated by his work activities operating a forklift, which requires repetitive movement of his right ankle, as well as prolonged walking activities.

The medical treatment and expenses provided by my office in the form of medical evaluations and outpatient therapy were all reasonable, medically necessary, and causally related to his injuries in the motor vehicle accident of 12/12/16.

All of the opinions in this report are started within a reasonable degree of medical probability.

Attached, you will find a complete billing statement, as well as my curriculum vitae per your request. Should you have any further questions regarding Mr. Chupany, please do not hesitate to contact me.

Very truly yours,

Ross M. Ufberg, M.D.

RMU: kab
CC: Medical Records Chart

# EXHIBIT D

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MELVIN A. CHUPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. N18C-06-160 JRJ |
| | ) | |
| LEE A. STROUP and | ) | JURY TRIAL DEMANDED |
| SAVAGE SERVICES CORPORATION, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RULE 4(h) AMENDMENT AND AFFIDAVIT PURSUANT TO
10 DEL.C §3104 REGARDING DEFENDANT LEE A. STROUP**

Paragraphs 1 through 9 are hereby realleged.

10.     The Complaint in this action was filed with the Prothonotary on June 21, 2018.

11.     On February 21, 2019, a notice was sent to the non-resident Defendant, Lee A. Stroup consisting of a copy of the Complaint, Form 30s Interrogatories, and a statement that such service is as effectual as if it had been made upon such non-resident personally within this State. A copy of said notice is attached hereto as Exhibit "A".

12.     Attached as Exhibit "B" is the receipt showing that the envelope which contained the aforementioned notice was delivered on February 23, 2019.

13.     The notice required by 10 *Del. C.* §3104 was contained in said envelope when it was mailed on February 21, 2019.

14.     As required by 10 *Del. C.* §3104, this Amendment to the Complaint is being filed within seven (7) days of Plaintiff's counsel's receipt of the postal return receipt.

WEIK, NITSCHE & DOUGHERTY, LLC

*/s/ Gary S. Nitsche*
GARY S. NITSCHE, P.A. (#2617)
JOEL H. FREDRICKS, ESQ. (#5336)
305 N. Union Street, Second Floor
P. O. Box 2324
Wilmington, DE  19899
(302) 655-4040
Attorneys for Plaintiff

# EXHIBIT A

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage     $

Total Postage and

Sent To   Mr. Lee A. Stroup
Street and Apt. N   1301 A Rolling Glen Drive
Apartment 1301A
City, State, ZIP+4   Boothwyn, PA  19061

PS Form 3800                                    For instructions

FEB 2 1 2019

Chupany

**NITSCHE & DOUGHERTY, LLC**
*ATTORNEYS AT LAW*

North Union Street, Second Floor
P.O. Box 2324
Wilmington, DE  19899
Phone (302) 655-4040
Fax (302) 654-4892
www.weiknitsche.com

E-mail: gnitsche@attys4u.com

Other Locations:
Bear Office:
101 Becks Woods Drive
Suite 105
Bear, DE  19701
(302) 834-4040

Smyrna Office:
33 Deak Drive, Suite 102
Smyrna, DE  19977
(302) 389-4040

Georgetown Office:
Phone (302) 856-9868
By Appointment Only

* Also admitted in PA
^ Also admitted in MD

February 21, 2019

Mr. Lee A. Stroup
1301 A Rolling Glen Drive
Apartment 1301A
Boothwyn, PA  19061

**SENT VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED
RECEIPT 7018 1830 0001 7751 8436
AND REGULAR MAIL**

RE:  **Motor Vehicle Accident of 12/12/2016**
     **My Client:  Melvin A. Chupany**

Dear Mr. Stroup:

A lawsuit has been filed against you in the Superior Court of the State of Delaware regarding an automobile accident which occurred on 12/12/2016.  Enclosed are copies of the Complaint and Plaintiff's Answers to Form 30 Interrogatories which are being served upon you pursuant to 10 Del. C. §3104(d)(3) since you are a non-resident of the State of Delaware.

Please be advised that such service is as effectual to all intents and purposes as if it had been made upon you personally within this State.  A response to the lawsuit must be filed within twenty (20) days of the mailing of this letter.  Please notify your auto insurance company as soon as possible.

Thank you for your anticipated cooperation.

Very truly yours,

/s/ Gary S. Nitsche

Gary S. Nitsche, P.A.

GSN/lag
Encls.
#217-0016-17JF

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Lee A. Stroup
1301 A Rolling Glen Drive
Apartment 1301A
Boothwyn, PA  19061

9590 9402 4517 8278 0384 43

2. Article Number (Transfer from service label)

7018 1830 0001 7751 8436

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Lee Stroup_    ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
_Lee Stroup_                       2-23-19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Chupany     Domestic Return Receipt

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MELVIN A. CHUPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. N18C-06-160 JRJ |
| | ) |
| LEE A. STROUP and | ) JURY TRIAL DEMANDED |
| SAVAGE SERVICES CORPORATION, | ) |
| a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF DEFENDANTS NON-RESIDENCE AND THE SENDING OF A
COPY OF THE COMPLAINT REGAREDNG DEFENDANT LEE A STROUP**

I, LESLIE A. GLENN, being duly sworn, depose and say:

1.      I am the Legal Assistant for Plaintiff's attorney in the above captioned case.

2.      To the best of my information and belief, Defendant Lee A. Stroup is a non-resident of the State of Delaware whose last known address is 1301 A Rolling Glen Drive, Apartment 1301A, Boothwyn, Pennsylvania 19061.

3.      A copy of the Complaint with the notice required by 10 *Del. C.* §3104 was sent by Certified Mail to Defendant at the aforementioned addresses on February 21, 2019.

4.      Attached as Exhibit "B" is the receipt showing that the envelope addressed to Defendant which contained the aforementioned notice was delivered on February 23, 2019.

5.      The notice required by 10 *Del. C.* §3104 was contained in said envelope when it were mailed on February 21, 2019.

LESLIE A. GLENN

SWORN TO AND SUBSCRIBED before me this 1st day of March, 2019.

NOTARY PUBLIC

SUSAN C. SCHNEESE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires June 28, 2020



# EXHIBIT E

## Delia Clark

| | |
|---|---|
| **From:** | FileAndServeXpress <ForwardServiceNotification@secure-mail.fileandservexpress.com> |
| **Sent:** | Monday, March 25, 2019 10:03 AM |
| **To:** | Sandra Biggins |
| **Subject:** | Case: N18C-06-160 JRJ; Transaction: 63097254 - Notification of Service |

Delia Clark has allowed you, Sandra Biggins, to receive a copy of this notification for Transaction ID 63097254. The details for this transaction are listed below.

To: Delia Clark
Subject: E-Service for DE Superior Court-New Castle County

Title: Notice of Service of Plaintiff's Interrogatories Directed to Defendant Lee A. Stroup and Plaintiff's Request for Production of Documents Directed to Defendant Lee A. Stroup (1 page)
Case: Melvin A.Chupany,  v. Lee A. Stroup, et al.
Case #: N18C-06-160 JRJ
Date: Mar 25 2019 10:02AM EDT
Attorney: Joel H Fredricks
Firm: Weik Nitsche & Dougherty LLC
Transaction #: 63097254
You may view the documents in the following ways:
     - Online at https://protect-us.mimecast.com/s/2wXfCxkyx2HvmW1h8oE8X (subscriber login required).
     - Call Weik Nitsche & Dougherty LLC to request a copy of the documents.

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-888-529-7587 (24/7).

# EXHIBIT F



E-SERVICE
63097100
Mar 25 2019
09:40AM
File & ServeXpress

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MELVIN A. CHUPANY       :
                                 :
        **Plaintiff,**        : C.A. No.  N18c-06-160 (JRJ)
                                 :
        **v.**                         :
                                 :
**LEE A. STROUP, SAVAGE SERVICES,** :
**CORPORATION**                   :
        **Defendants.**       :

## PLAINTIFF'S ANSWERS TO DEFENDANTS' INTERROGATORIES DIRECTED TO PLAINTIFF

1.     State the names, last known addresses and telephone numbers of all persons who have direct knowledge of or were eyewitnesses to facts alleged in the Complaint, noting specifically the eyewitnesses.

**ANSWER:**    **See police report and Plaintiff's Answers to Form 30 Interrogatories.  By way of further answer, various members of staff from Plaintiff's counsel's office and Defense counsel's office and employees of the applicable insurance companies and Plaintiff's treating physicians have knowledge of the facts.**

2.     State the names, last known addresses and telephone numbers of all persons who arrived at the scene of the incident up to fifteen minutes after the incident.  After each name list the number of the paragraph in the pleadings of which that person has knowledge.

**ANSWER:**  **Wilmington Fire Department, Police, and unknown employees of the Defendant Savage Services arrived at the scene of the incident at some point after the incident.  In addition see Plaintiff's Answer to Form 30 Interrogatories as well as the police report.**

1

3.      Give the names, last known addresses and telephone numbers of all persons other than those listed in the answers to interrogatories 1 and 2 who have knowledge of the facts concerning how the incident occurred.

**ANSWER:      None known to Plaintiff other than those previously identified.**

4.      State the names, last known addresses and telephone numbers of all persons who have been interviewed by you or on your behalf with regard to the facts alleged in the pleadings.  In addition thereto, state:

     (a)      The date of each interview;

     (b)      The substance of each interview;

     (c)      The names, last known addresses and telephone numbers of all persons who have copies of a resume or transcript of each interview.

**ANSWER:      Plaintiff has been interviewed by his attorney.  Contents of said interview are protected by the attorney/client privilege.**

5.      State the names, last known addresses and telephone numbers of all persons from whom the following types of statements have been obtained with regard to the facts alleged in the pleadings.

     (a)      Written and signed;

     (b)      Written but unsigned;

     (c)      Oral;

     (d)      Recorded interview.

In addition, specify the following as to each statement obtained.

     (e)      The date of the statement;

     (f)      The names, last known addresses and telephone numbers of the persons in custody of each statement or transcript of the statement;

(g)     The names, last known addresses and telephone numbers of the persons who obtained the statements:

(h)     Whether the statements were obtained on your behalf;

(i)     Whether the statements were obtained on the direction of or pursuant to the instructions of your attorney.

**ANSWER:**    **Plaintiff recalls giving an oral statement to his insurance company Progressive, but is unsure if it was recorded.**

6.     With reference to any report, memorandum or resume prepared by you or anyone acting on your behalf but not necessarily limited to any investigator, or other person pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each date given, state:

(a)     The name, address and telephone number of the person or persons who prepared such writing and the name, address and identity of the employer of such person or persons;

(b)     Whether such writing was prepared by you or on your behalf;

(c)     The number of pages of such writing.

**ANSWER:**    **See the police report.**

7.     State whether subsequent to the time of the incident you or any person acting on your behalf has taken any photographs or motion pictures or made any sketches, plats or other drawings of any of the facts or items referred to in the Complaint.  If yes, as to each such photograph, motion picture, sketch, plat or other drawing state:

(a)     The nature of each such reproduction;

(b)     By whom the reproduction was taken or made;

(c)     When the reproduction was taken or made;

(d)     The subject matter portrayed;

3

(e)     Whether the reproduction was taken or made on your behalf;

(f)     Whether the reproduction was taken or made at your attorney's request;

(g)     The name, last known address and telephone number of the persons in custody of such reproduction.

**ANSWER:**   **Plaintiff took photographs of the property damage of his vehicle and the location of accident.**

8.     State the names, last known addresses and telephone numbers of all medical institutions to which you have been admitted or in which you have been treated for the alleged injuries described in the Complaint, together with the dates of admission to and discharge from such institutions.

**ANSWER:**   **Plaintiff has treated with the following providers for his injuries:  Christiana Hospital; Mark S. Eskander, M.D.; Ross M. Ufberg, M.D.; Joseph J. Mesa, M.D.; John P. Rowlands, M.D.; and St. Francis Family Practice.  By way of further answer, see medical records previously produced as well as Dr. Ufberg's narrative report attached hereto.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

9.     State the name, address and telephone number of your family physician.

**ANSWER:**   **Plaintiff's family physicians have included: Wilmington Hospital Adult Clinic, 501 West 14rh Street, Wilmington, DE 19801 (428-4411) and St. Francis Family Practice, 701 Clayton Street, 2nd Floor, MSB, Wilmington, DE 19805 (575-8040).[1]**

10.     State the names, last known addresses and telephone numbers of all doctors or medical personnel who have examined or treated you for the injuries alleged in the Complaint, together with the following;

(a)     The dates of each such examination or treatment:

---

[1] This response further amends and supplements Plaintiff's Answers to Form 30 Interrogatory responses.

4

(b)      The nature of each such examination or treatment.

**ANSWER:**      **See answer to interrogatory no. 8.**

11.      State in detail the injuries, illnesses, complaints or diseases you claim to have sustained as a result of the incident upon which the Complaint is based.  If claiming aggravation of pre-existing injuries, please state the following:

(a)      The names, last known addresses and telephone numbers of all doctors or medical personnel who have examined or treated you for the aggravation of preexisting injuries which is claimed;

(b)      The names, last known addresses and telephone numbers of all medical institutions to which you have been admitted or in which you have been treated for the alleged aggravation to preexisting injuries;

(c)      The nature of the aggravation of the preexisting injuries:

(d)      The dates of treatment for the alleged aggravation of preexisting injuries;

(e)      The outcome of the treatment of the alleged aggravation of preexisting injuries.

**ANSWER:**      **Plaintiff's injuries include but are not limited to his chest, neck, back, arms, shoulders, fractured ribs and ankles/legs.  Dr. Mark Eskander recommended and has scheduled cervical spine surgery for April 17, 2019.  By way of further answer, see medical records previously produced as well as Dr. Ufberg's narrative report attached hereto.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

12.      If you have fully recovered from any of the injuries, illnesses, complaints or diseases listed in the answer to the previous interrogatory, state when such recovery was made for each.

**ANSWER:**   **Plaintiff continues to experience pain and other symptoms related to the injuries he sustained in this accident.  Dr. Mark Eskander recommended and has scheduled cervical spine surgery for April 17, 2019.**

13.   If you have not recovered from the injuries, illnesses, complaints or diseases sustained in the incident upon which this Complaint is based, state in what respect you have not fully recovered.

**ANSWER:**   **See Dr. Ufberg's narrative report.  Plaintiff continues to treat, additional medical records and reports will be produced upon receipt.**

14.   If you claim to be permanently disabled in any respect, describe such permanent disability in detail and give the names, addresses and telephone numbers of persons who have knowledge of the fact that it is permanent.

**ANSWER:**   **See Dr. Ufberg's narrative report.  Plaintiff continues to treat, additional medical records and reports will be produced upon receipt.**

15.   State whether or not as a result of the alleged injuries you have been confined to bed at home, and if so, please state:

        (a)   For how long;

        (b)   Why;

        (c)   On what dates;

        (d)   On whose orders.

**ANSWER:**   **Although Plaintiff was not confined to bed, there were periods of time the Plaintiff was limited in terms of Plaintiff's activities of daily living and spent more time at home than he would have otherwise.**

16.   State whether or not you are still under the care of a physician, surgeon or other medical personnel, and if so, state the name, last known address and telephone number of each such person.

**ANSWER:**   Plaintiff is currently treating with Dr. Mark Eskander, Dr. Ross Uberg, Dr. John Rowlands and St. Francis Family Practice for the injuries sustained in this accident. By way of further response, see medical records and reports attached hereto, those previously provided, and those which will be supplied. As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.

      17.    State whether you or anyone on your behalf has received doctors' or hospital reports or records with regard to the injuries alleged in the Complaint. If yes, state the following:

      (a)    The nature of each report or record;

      (b)    At whose request they were prepared;

      (c)    The dates when they were prepared;

      (d)    The names, last known addresses and telephone numbers of the persons preparing them;

      (e)    The names, last known addresses and telephone numbers of the persons presently having custody of each.

**ANSWER:**   Yes. See medical records previously produced.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.

      18.    State whether you or anyone on your behalf has received any non-medical reports or records with regard to the incident alleged in the Complaint. If yes, state the following:

      (a)    The nature of each report or record;

      (b)    At whose request they were prepared;

      (c)    The dates when they were prepared;

(d)     The names, last known addresses and telephone numbers of the persons preparing them;

(e)     The names, last known addresses and telephone numbers of the persons presently having custody of each.

**ANSWER:     See the police report.**

19.     State whether or not x-rays, myelograms, electrocardiograms, E.M.G.'s or other diagnostic tests were taken or performed in connection with any alleged injuries received.  If so, state as to each:

(a)     What diagnostic test was taken;

(b)     When it was taken;

(c)     Where it was taken;

(d)     The names, last known addresses and telephone numbers of the persons by whom the tests were taken;

(e)     The names, last known addresses and telephone numbers of the persons in whose custody the results of the tests are now held.

**ANSWER:     See medical records previously produced.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

20.     Please list all medicine purchased by you or used by you in connection with the treatment of injuries complained of in this action, specifying the cost thereof, the store from which purchased, the name of said medication, the prescription number, and the doctor who prescribed same.

**ANSWER:     See Plaintiff's medical records for the prescriptions that he was prescribed as a result of this incident.  By way of further response, Plaintiff filled those prescriptions at**

8

the Walgreens and CVS Pharmacy.  **Plaintiff is claiming the right to recover any expenses for prescriptions.  See medical bills previously produced.  Additional medical bills will be produced as they are received.**

21.     Have you ever suffered any injuries in any incident, either prior or subsequent to the incident referred to in the Complaint.  If so, state:

(a)     The date and place of such injury.

(b)     A detailed description of all injuries received;

(c)     The names, addresses and telephone numbers of any hospitals rendering treatment;

(d)     The names, addresses and telephone numbers of all physicians, surgeons, osteopaths, chiropractors or other medical practitioners rendering, treatment;

(e)     The nature and extent of recovery and, if any permanent disability suffered, the nature and extent of the permanent injury.

(f)     If you were compensated in any manner for such injuries state the names, addresses and telephone numbers of each and every person or organization paying such compensation and the amount thereof.

**ANSWER:**     **Plaintiff was involved in work related incident on February 9, 2012 where he injured his right elbow/arm while working for the Port of Wilmington.  Plaintiff treated with the following providers for his injuries:  Ross M. Ufberg, M.D.; Evan H. Crain, M.D.; Peter F. Townsend, M.D.; ATI Physical Therapy; Thomas Jefferson University and Christiana Care. Plaintiff filed a claim with the Industrial Accident Board and this matter settled.   Plaintiff was involved in a motor vehicle accident in May of 2005 and in 2007 in which he injured his neck and back and treated at St. Francis Hospital and with Dr. Ross Ufberg.  Plaintiff fell off a ladder at home in December of 2015 in which he injured his right ankle and treated with Dr. Ross Ufberg, St. Francis Hospital and at ATI Physical Therapy.[2]**

---

[2] This response further amends and supplements Plaintiff's Answers to Form 30 Interrogatory responses.

22.     Have you ever had any serious illness, sickness, disease or surgical operation either prior or subsequent to the incident referred to in the Complaint.  If so, state:

(a)     The date and place of such injury;

(b)     A detailed description of all injuries received;

(c)     The names, addresses and telephone numbers of any hospitals rendering treatment;

(d)     The names, addresses and telephone numbers of all physicians, surgeons, osteopaths, chiropractors or other medical practitioners rendering treatment;

(e)     The approximate date of recovery;

(f)     If you did not recover fully, the date your condition became stationary and the description of your condition at that time.

**ANSWER:     Objection.  This interrogatory is overly broad, unduly burdensome, vague, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Further, the terms "serious illness, sickness, disease, or surgical operation" are not defined and are vague and ambiguous.  Without waiving this objection, see medical records and reports attached hereto, those previously provided, and those which will be supplied.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

23.     State the names, addresses and qualifications of all expert witnesses who:

(a)     Have been consulted by you relative to this case;

(b)     Will testify in this case on your behalf.

**ANSWER:     Plaintiff will identify Ross M. Ufberg, M.D. as Plaintiff's medical expert at trial. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this responses and identify additional medical experts for trial.**

24.     As to all expert witnesses identified in answer to interrogatory 25(b) above, please state:

(a)     The subject matter on which the expert is expected to testify;

(b)     The substance of the facts and opinions as to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:     See below.   Plaintiff reserves the right to supplement this response and identify additional experts and/or with additional expert reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

> **Ross M. Ufberg, M.D.**
> **Wilmington Pain & Rehabilitation Center**
> **1021 Gilpin Avenue**
> **Wilmington, DE 19806**
> **(302) 575-1776**

**Dr. Ufberg will testify in accordance with his professional training and experience, his treatment of the Plaintiff, and his review of all relevant medical records as well as any medical records produced during discovery.**

**See Dr. Ufberg's medical records previously produced as well as his narrative report dated April 17, 2018 attached hereto.   By way of further answer, Dr. Ufberg is expected to testify that as a result of the accident in question, Plaintiff sustained a permanent injury and that the symptoms from the permanent injury will remain with him for the rest of his life and at times cause him to have difficulties with and refrain from certain activities of daily living.   Dr. Ufberg is also expected to testify that Plaintiff will require future medical treatment and the cost of such future medical treatment.   He is also expected to testify that the treatment rendered to Plaintiff was reasonable, necessary, and causally related to the accident in question and that the charges for the services rendered were necessary and reasonable as well as customary and appropriate.**

> **Mark S. Eskander, M.D.**
> **John P. Rowland, M.D.**
> **Delaware Orthopaedic Specialists**
> **Limestone Medical Center**
> **1941 Limestone Road, Suite 101**
> **Wilmington, DE  19808**

11

Dr. Eskander and Dr. Rowland will testify in accordance with their professional training and experience in orthopaedic medicine and surgery of the spine, their treatment of the Plaintiff, and their review of all relevant medical records.

See Dr. Eskander and Dr. Rowland's medical records are attached hereto. By way of further answer, Dr. Eskander and Dr. Rowland are expected to testify that as a result of the accident in question, Plaintiff sustained a permanent injury and that the symptoms from the permanent injury will remain with him for the rest of his life and at times cause him to have difficulties with and refrain from certain activities of daily living. Dr. Eskander and Dr. Rowland are also expected to testify that Plaintiff required a cervical spine surgery and will require future medical treatment and the cost of such future medical treatment.  They are also expected to testify that the treatment rendered to Plaintiff was reasonable, necessary, and causally related to the accident in question and that the charges for the services rendered were necessary and reasonable as well as customary and appropriate.

25.     State the name and present or last known address of each person whom you expect to call as an expert witness at trial (including all medical personnel) and, as to each person named, state:

(a)     The field in which the witness is an expert and a description of the witness' expertise therein;

(b)     The subject matter on which the witness is expected to testify;

(c)     The substance of the facts to which the witness is expected to testify;

(d)     The substance of the opinions to which the witness is expected to testify;

(e)     A summary of the grounds for each of the witness' opinions;

(f)     The dates of all writings made by the witness with respect to the present case;

(g)     The name and present or last known address and present or last known employer of each person who presently has custody, possession or control of the original and all copies of such writings;

(h)     The dates on which the witness was interviewed or consulted, the names and present or last known addresses and present or last known employers of those persons who interviewed or consulted the witness, and the names and present or last known addresses and present or last known employers of all persons who were present during each such interview or consultation;

(i)     A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he or she is a member and, as to medical personnel, the names and present or last known addresses of all hospitals on whose staffs such experts serve or where they have courtesy privileges or act as consultants; and

(j)     The title, publisher, date and form of all documentary material published by the witness within his or her field.

**ANSWER:     See answer to preceding interrogatories.**

26.     State specifically all expenses, which have been incurred with regard to the treatment of the injuries alleged in the Complaint.  In this regard, state specifically:

(a)     The name, last known address and telephone number of the company, firm, person or institution with whom the expense was incurred;

(b)     The date or dates such expenses were incurred;

(c)     The amount of each such expense incurred.

**ANSWER:     See medical bills previously produced.   As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional bills as discovery is ongoing and same will be produced upon receipt and in accordance with the Trial Scheduling**

13

**Order.**

27.     State whether or not any Blue Cross and/or Blue Shield compensation or compensation under the Medical Payments of Family Compensation provision of any insurance contract or benefits under any Homeowner's insurance contract or Workmen's Compensation has been paid, or whether any insurance company issuing policy has denied coverage or whether any other insurance has been received on account of the injury alleged in the Complaint or the expenses of treating said injury.  Specify in detail, giving:

        (a)     The name of the insurance company;

        (b)     A description of each document evidencing such compensation or payment;

        (c)     The present location of said document and name, last known address and telephone number of the person in whose custody it is lodged;

        (d)     The amount of each payment of compensation or other receipt.

**ANSWER:**     **Plaintiff had health insurance with Highmark Blue Cross and Blue Shield from 2016 through September of 2018.  He currently has health insurance with Cigna since October of 2018 to present.**

28.     State whether or not you or any person on your behalf has brought any claim against any other person or organization for the injuries for which this action is brought.  If so, state:

        (a)     The name, last known address and telephone number of each such person and/or organization;

        (b)     The nature of the claim;

        (c)     Identify the documents submitted in presenting the claim.

**ANSWER:**     **Plaintiff filed a claim for PIP benefits.  See PIP log attached hereto.**

29.     State your social security number.

**ANSWER:**     **xxx-xx-9610.**

14

30.     State the day, month and year you were born.

**ANSWER:**     **October 7, 1971.**

31.     State your full license number and the state, which issued same.

**ANSWER:**     **DE 1254348.**

32.     List each address at which you have resided since your age sixteen, and the dates during which you lived at each such address.

**ANSWER:**     **Objection. This interrogatory is overly broad, unduly burdensome, vague, and seeks the disclosure of information that is not relevant nor is reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff has resided at his current address, 719 N. Scott Street, Wilmington, DE 19805 since March of 2001.**

33.     Do you have a copy of any transcript of testimony or notes taken at any trial or hearing connected with the facts of this case and, if so, state the date same was held, the nature of the trial or hearing, and the name and address of the person or persons whose testimony was taken and the name and address of the person who took the testimony.

**ANSWER:**     **No.**

34.     State whether plaintiff has been in any incidents prior or subsequent to the incident in question.  If the answer is yes, as to each incident state:

(a)     The date and location of each incident;

(b)     The nature and extent of injuries to plaintiff;

(c)     A description of the events surrounding the incident including whether any citations were issued;

(d)     Whether any legal action arose as a result of the incident; and if so, state:

(1)     The court, date and place where each such suit was filed.

15

(2)      The name, address and telephone number of each adverse party and his attorney, and the present status or result of each suit.

**ANSWER:**   **See answer to preceding interrogatories.  By way of further response, see medical records and reports attached hereto, those previously provided, and those which will be supplied.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

35.      State the name and address of each school, college or educational institution you have attended, listing the dates of attendance and the courses of study.

**ANSWER:**   **Plaintiff graduated from Escuela Claria in Ponce, Puerto Rico in approximately 1988.**

36.      Have you ever served in the armed forces or performed services for any branch of any governmental agency?      If so, state:

(a)      The name of each such organization and the particular branch for whom you performed services;

(b)      The dates and place of such services;

(c)      Your serial or identification number;

(d)      A detailed description of the reason why the services were discontinued;

(e)      If discharged from military or government services for physical reasons, state the condition for which you were discharged and the agency so discharging you.

**ANSWER:**   **No.**

37.      Have you ever pleaded guilty to or have been convicted of any crime other than traffic violations and if so, please state:

(a)      The nature of the offense;

(b)      The date;

16

        (c)     The name and number of the court proceeding such as Justice of the Peace Court, Superior Court, etc.;

        (d)     The sentence given you.

**ANSWER:  Objection.  This interrogatory seeks the disclosure of information that is not relevant nor is reasonably calculated to lead to the discovery of admissible evidence.**

38.     Have you ever entered or been committed to any institution, either public or private, for the treatment or observation of mental conditions, alcoholism, narcotic addiction, or disorders of any kind and if so, state:

        (a)     The name and address of such institution;

        (b)     The length of your stay and the dates thereof;

        (c)     The purpose or reason for your entry to such institution;

        (d)     The name and address of the doctor treating you for such condition.

**ANSWER:  Objection.  This interrogatory seeks the disclosure of information that is not relevant nor is reasonably calculated to lead to the discovery of admissible evidence.**

39.     If you claim any loss of income or earning power as a result of the incident which is the subject of this litigation, either in the past, at present, or in the future, state:

        (a)     The amount of income you claim to have lost as a result of the incident or the total dollar value of the lost earning power you claim to have lost as a result of the incident and identify specifically whether the claim is for loss of income or for loss of earning power;

        (b)     The specific inclusive dates when you claim to have been wholly unable to work as a result of the incident and the reason why you were unable to work on such dates:

        (c)     The specific inclusive dates when you were partially unable to work as a result of the incident and the reason why you were partially unable to work on such dates:

(d)     A specific description of the type or types of work you would have been performing or would have been able to perform during the period stated in answer to the previous two sub-questions of this interrogatory and the reason you were unable to perform that work;

(e)     The rate of income which you would have been able to receive except for the incident (as, for instance, $5.00 per hour, $200.00 per week, etc.);

(f)     If you claim that you would have been employed during the periods of your disability, the name, address and telephone number of the person or organization which would have been your employer during the period of time when you claim to have lost income;

(g)     If you claim loss of earning power instead of loss of earnings, the name, address and telephone number of the persons or organizations by whom you could have been employed during the period when you claim to have sustained a loss of earning power:

(h)     If you claim that you would have been or could have been self-employed during the period of your disability, state the type of work in which you would have been or could have been involved and the amount of money you claim you would have earned during the period of your disability.

**ANSWER:     Plaintiff will incur lost wages as a result of the scheduled surgery of April 17, 2019 from his job at the Diamond State Port Corporation in which he is a laborer making approximately $919.79 per week.  The amount of time lost is undetermined at this time.**

40.     If you are claiming loss of income or earning power furnish the following information concerning your total earnings during the five years preceding the incident:

(a)     The name, last known address and telephone number of each employer during that period;

(b)     The nature of job held with each employer;

(c)     The dates of employment with each employer;

(d)     The lowest salary or wage received and highest salary or wage received;

(e)     The total income from employment with each of the employers named;

(f)     The total income from employment in each of the five years.

**ANSWER:     See answer to preceding interrogatory.**

41.     Describe in detail the weather conditions at the time and location of the occurrence in question, setting forth conditions of light, precipitation and temperature, among other things.

**ANSWER:     Plaintiff states it had rained and the roads were wet at the time of the accident.**

42.     Do you say or do you know anybody else who will say, that any defendant did any act or omitted to perform any act which caused or contributed to the happening of the casualty herein complained of?  If the answer to the above is in the affirmative:

(a)     State each such act or each such failure to act;

(b)     Give the name, last known address and telephone number of each person having knowledge or claiming to have knowledge of each such act or omission.

**ANSWER:     See police report and Plaintiff's Answers to Form 30 Interrogatories and these interrogatories.  By way of further response, discovery is ongoing and Plaintiff reserves the right to amend and/or supplement this response.**

43.     If you had or heard any discussions with a defendant or its representative at any time after the incident, describe such discussion in detail.

**ANSWER:     Plaintiff recalls that unknown individuals that appeared to work for Defendant came over to him after the incident to discuss the incident.**

44.     Outline in detail your work schedule, physical and other activities (including social) for the 72-hour period immediately preceding the happening of the casualty herein complained of.

**ANSWER: Objection.  This interrogatory is overly broad, unduly burdensome, vague, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.**

19

45.    (a)    Did you consume any alcoholic beverage of any type during the 48-hour period preceding the occurrence of the incident? If so, specify the nature and amount of such alcoholic beverages, the time over which and place at which consumed, and give the names, last known addresses and telephone numbers of all persons with whom you were drinking.

(b)    Did you consume any sedatives, tranquilizers, or other drugs and/or medicines during the 72-hour period immediately preceding the happening of the incident herein complained of? If so, identify the nature and type of such medication, when taken, the amount taken, and if prescribed by a physician, his name, address and telephone number.

**ANSWER:** **Objection, this interrogatory is overly broad, unduly burdensome, vague, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.**

46.    If you claim that the violation of any statute, ordinance, regulation or other codified law was a cause of the incident, give the official citation of each, and state the manner in which it was violated.

**ANSWER:** **See the Complaint and police report. By way of further response, as discovery is ongoing and Plaintiff reserves the right to amend and or supplement this response.**

47.    Describe fully and in complete detail how the alleged occurrence took place, giving the following information:

(a)    exact description of all events immediately preceding the occurrence, including the time of the occurrence, all in chronological order;

**ANSWER:** **See the police report and the Complaint.**

48.    Set forth an itemized list of all special damages you claim, including but not limited to medical and hospital bills, lost wages or income, claimed impairment of earnings capacity and any other claimed expenses, financial or economic losses which you claim resulted from the incident involved in this case.

**ANSWER:**   **Plaintiff is claiming the right to recover medical expenses not covered by 21 Del.C. §2118 for doctor visits, physical therapy, medication, chiropractic treatment, diagnostic tests, surgery or any other treatment, to include lost wages incurred due to surgery.  See bills previously produced.  Plaintiff reserves the right to supplement this response in accordance with the Trial Scheduling Order.**

49.     State:

(a)     The identity, by name and address, of each hospital or university medical center where you were examined and/or treated and whether you were admitted;

(b)     The identity of any person(s) who examined, evaluated or treated you, noting their name, address and specialty;

(c)     The identity, by name and address of any diagnostic test center that provided services and what test were performed;

(d)     The date(s) of all examination(s), evaluation(s), treatment(s) and/or confinement(s) by healthcare professionals and their corresponding charges;

(e)     Identify any healthcare professional(s) you are currently consulting and/or treating with for any of the injuries and/or damages you sustained as a direct result of the alleged accident and what symptoms you still allegedly suffer from.

**ANSWER:**   **See medical records previously produced.  As discovery is ongoing, Plaintiff reserves the right to supplement this response with additional medical records and reports upon procurement and same will be produced upon receipt and in accordance with the Trial Scheduling Order.**

50.     Identify the name of every pharmacy you went to during the last ten (10) years.

**ANSWER:**   **Plaintiff has filled prescriptions at Walgreens located at 1313 Union Street, Wilmington, DE 19806 and CVS Pharmacy located on 1005 Delaware Avenue, Wilmington, DE 19806.**

51.     Identify all persons will call to testify as witnesses at the trial of this action.

**ANSWER:**    In addition to Plaintiff's medical expert, Dr. Ross M. Ufberg, Dr. Mark Eskander and Dr. John Rowlands Plaintiff plans to call lifestyle witnesses at trial which will be provided by Plaintiff.  Plaintiff's lifestyle witnesses will testify as to the effects Plaintiff's accident-related injuries have had on Plaintiff's daily life.

52.    Did the answers to each and every one of the interrogatories propounded herein include not only the information known to you or your attorney, but also the information within the possession or control of yourself or your attorney?

**ANSWER:    Yes.**

WEIK, NITSCHE & DOUGHERTY, LLC

BY:    */s/ Joel H. Fredricks, Esq.*
       JOEL H. FREDRICKS, ESQ. (I.D. #5336)
       GARY S. NITSCHE, ESQ. (I.D. #2617)
       305 N. Union Street, 2nd Floor
       P.O. Box 2324
       Wilmington, DE 19899
       (302) 655-4040
       Attorneys for Plaintiff

E-SERVICE
63097100
Mar 25 2019
09:40AM
File & ServeXpress

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MELVIN A. CHUPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. N18C-06-160 JRJ |
| | ) | |
| LEE A. STROUP and | ) | JURY TRIAL DEMANDED |
| SAVAGE SERVICES CORPORATION, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| COUNTY OF NEW CASTLE | ) |

**BE IT REMEMBERED** that on this ___ day of _____, 2019, before me, the subscriber, a Notary Public of the State and County aforesaid, personally appeared, Melvin Chupany being duly sworn according to law, did depose and state that she is the Plaintiff in the above-captioned case, that she has read Plaintiff's Answers to Defendant's Interrogatories Directed to Plaintiff and Plaintiff's Responses to Defendant's Requests for Production of Documents Directed to Plaintiff filed in the above-captioned case, and that the statements and facts contained therein are true and correct to the best of Plaintiff's recollection, knowledge, information and belief.

_____
MELVIN A. CHUPANY

SWORN AND SUBSCRIBED before me the day and year aforesaid.

_____
NOTARY PUBLIC

MAYRA VEGA BUTTS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 13, 2022