IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVIN A. CHUPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-689-RGA-SRF |
| | ) | |
| LEE A. STROUP and SAVAGE SERVICES CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION[1]**

**I.   INTRODUCTION**

Presently before the court in this personal injury action is a motion to remand the case to the Superior Court of Delaware and to award costs and attorney's fees filed by plaintiff Melvin A. Chupany ("Mr. Chupany"). (D.I. 4) Defendants, Lee A. Stroup ("Mr. Stroup") and Savage Services Corporation ("Savage Services") (collectively, "defendants"), oppose the motion. (D.I. 6) For the following reasons, I recommend DENYING plaintiff's motion.[2]

---

[1] A motion for remand is "dispositive insofar as proceedings in the federal court are concerned, [as] the order is the functional equivalent of an order of dismissal," and is therefore governed by Fed. R. Civ. P. 72(b). *Agrincourt Gaming LLC v. Zynga Inc.*, C.A. No. 11-720-RGA, 2013 WL 3936508, at *2 (D. Del. July 29, 2013) (citing *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998)).

[2] The briefing for the pending motion is as follows: plaintiff's opening brief (D.I. 4), defendants' answering brief (D.I. 6), and plaintiff's reply brief (D.I. 7).

## II. BACKGROUND

### a. Parties

Plaintiff is a resident of Delaware. (D.I. 4, Ex. 1 at ¶ 1) Mr. Stroup is a resident of Pennsylvania. (*Id.* at ¶ 2) Savage Services is a Utah corporation with a principal place of business in Midvale, Utah. (D.I. 6, Ex. H; Ex. I; D.I. 1 at 1; D.I. 4, Ex. 1 at ¶ 3)

### b. Facts and Procedural History

On June 21, 2018, plaintiff filed this personal injury action against Mr. Stroup and Savage Services in the Superior Court of Delaware, asserting claims arising from a motor vehicle collision on December 12, 2016. (D.I. 4, Ex. 1) Savage Services was served on July 12, 2018 and Mr. Stroup was served on February 23, 2019. (D.I. 4, Ex. 3; Ex. 4) The parties engaged in settlement negotiations until August 15, 2018. (D.I. 6, Ex. A) At that time, plaintiff indicated that he was unsure whether he would increase his damages demand. (*Id.*)

On January 3, 2019, plaintiff provided defendants with medical records, two of which are at issue here: (1) a report by Dr. Mark Eskander ("Dr. Eskander"), an orthopedic spine surgeon, following plaintiff's appointment on September 26, 2018, and (2) a report by Dr. John Rowlands ("Dr. Rowlands") following plaintiff's appointment on October 23, 2018.[3] (D.I. 4 at 2, 4; D.I. 7, Ex. 1; Ex. 2) On September 26, 2018, Dr. Eskander diagnosed plaintiff with cervicalgia, cervical radiculopathy, and "[o]ther cervical disc displacement at C5-C6 level." (D.I. 7, Ex. 1) Under the "Plan" section of the report, Dr. Eskander stated that the "MRI reveals C5-6 herniation" and recommended that plaintiff visit Dr. Rowlands. (*Id.*) Furthermore, Dr. Eskander recommended that plaintiff attend a follow-up appointment with him four weeks after plaintiff's injection. (*Id.*)

---

[3] The attached scanned medical records are difficult to read. (*See* D.I. 4, Ex. 2; D.I. 6, Ex. B; D.I. 7, Ex. 1; Ex. 2)

2

Additionally, the report states "[s]urgical plan: ACDF[4] C5-6." (*Id.*) On October 23, 2018, plaintiff visited Dr. Rowlands, who subsequently reported that he "will consider spine surgery referral if pain persists despite interventions or new concerning symptoms develop." (D.I. 7, Ex. 2)

Defendants received plaintiff's interrogatory answers on March 25, 2019, which noted that plaintiff was scheduled to undergo cervical spine surgery on April 17, 2019. (D.I. 6, Ex. C at 5) On April 16, 2019, defendants removed the action to this court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship. (D.I. 1) On April 23, 2019, plaintiff filed the present motion to remand, asserting that defendants' notice of removal was untimely and failed to comply with 28 U.S.C. § 1446(b)(2)(B). (D.I. 4)

## III. LEGAL STANDARD

To remove a case to federal district court, a party must establish that the district court has original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. If jurisdiction is based on diversity of citizenship, complete diversity must exist and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Section 1446(b) dictates the timeliness of removal, providing that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the

---

[4] "ACDF" is an acronym for "Anterior Cervical Discectomy and Fusion." *See Anterior Cervical Discectomy and Fusion (ACDF) Surgery*, JOHNS HOPKINS MEDICINE, https://www.hopkinsmedicine.org/neurology_neurosurgery/news/videos/bydon-acdf-video.html (last visited Aug. 9, 2019).

3

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the basis for removal is not set forth in the initial pleading, however, a defendant must remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

A federal court must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Third Circuit Court of Appeals stated that it "is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). The party seeking removal bears the burden of demonstrating that removal is proper. *See id.*; *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002).

## IV. DISCUSSION

### a. Timeliness of Removal

Plaintiff contends that defendants' notice of removal is time-barred because they did not seek removal until April 16, 2019, more than thirty days after the last defendant was served, February 23, 2019. (D.I. 4 at 4) *See also* 28 U.S.C. § 1446(b)(2)(B). The parties mainly dispute when defendants first ascertained that the case was removable. (D.I. 4 at 4; D.I. 6 at 2; D.I. 7 at

4

2) Plaintiff argues that defendants were put on notice that the case was removable on January 3, 2019, upon receipt of plaintiff's medical records. (D.I. 4 at 2-6) Specifically, plaintiff notes that Dr. Eskander diagnosed plaintiff with cervical radiculopathy due to a C5-6 disc herniation and noted "[s]urgical plan: ACDF C5-6." (*Id.* at 2 & n.2; D.I. 7 at 2) Additionally, plaintiff argues that defendants had notice of the surgery from Dr. Rowlands' report, wherein he stated that he "will consider [s]pine surgery referral." (D.I. 4 at 4; D.I. 7 at 2) Furthermore, plaintiff asserts that while settlement negotiations involved amounts under $75,000, his disinterest in continuing settlement negotiations indicated that the value of the case no longer conformed with his prior damages demands. (D.I. 4 at 5) Accordingly, plaintiff concludes that defendants had notice on January 3, 2019 that the damages would exceed the jurisdictional limit for federal jurisdiction and failed to remove the case within thirty days of this document production. (*Id.* at 2-6)

Conversely, defendants allege that the notice of removal is timely because they first ascertained that the case was removable on March 25, 2019, when they received plaintiff's interrogatory answers. (D.I. 6 at 2-3) Defendants argue that because plaintiff's counsel was non-committal in his August 15, 2018 response regarding damages, defendants were not placed on notice of removability at that time. (*Id.* at 1, 3) Furthermore, defendants allege that the January 3, 2019, production of plaintiff's medical records only references the possibility of future surgery and did not indicate that surgery was scheduled or medically recommended. (*Id.* at 2) Defendants assert that it was only upon receiving plaintiff's interrogatory answers on March 25, 2019, that they were made aware of plaintiff's spinal surgery scheduled for April 17, 2019. (*Id.*) Therefore, defendants contend that the April 16, 2019, notice of removal was timely because it was filed within thirty days of receiving plaintiff's interrogatory answers. (*Id.* at 2-3)

5

It is defendants' burden to establish the timeliness of removal. *See Mims v. Foster Wheeler Energy Corp.*, C.A. No. 13-298-SLR-CJB, 2013 WL 6571816, at *1 (D. Del. Dec. 12, 2013). In other words, defendants must "sufficiently explain why it is that removability could only be ascertained at the time of removal." *Id.* (citing *Scearce v. 3M Co.*, 2013 WL 2156060, at *5 (D.N.J. May 16, 2013)). Here, plaintiff did not plead a specific amount of damages and there was no established amount in controversy at the time the complaint was filed. Therefore, the timeliness of the notice of removal is dependent on when defendants first ascertained that the amount in controversy meets the threshold amount for removability of this action. *See* 28 U.S.C. § 1446(b)(3). Plaintiff's email correspondence discontinuing negotiations did not put defendants on notice of removability because it did not reference plaintiff's need for surgery or an increase in the damages demand. (D.I. 6, Ex. A)

Additionally, the January 3, 2019, document production of plaintiff's medical records referenced the *possibility* of spine surgery, but did not establish that surgery was actually recommended or scheduled. (D.I. 7, Ex. 1; Ex. 2) The medical records produced indicated that Dr. Eskander diagnosed plaintiff, referred him to see Dr. Rowlands, and noted "[s]urgical plan: ACDF C5-6." (D.I. 7, Ex. 1) Dr. Rowlands subsequently reported that he "will consider spine surgery referral if pain persists despite interventions or new concerning symptoms develop." (D.I. 7, Ex. 2) The language of these medical reports suggest that surgery was not yet recommended, but conditional on persisting pain despite injections and development of new symptoms.

Both parties cite *Lopez v. Wal-Mart La., LLC*, 2015 WL 3473015 (W.D. La. June 1, 2015) in support of their respective arguments. (D.I. 6 at 4; D.I. 7 at 2-4) In *Lopez*, the plaintiff visited a doctor on July 14, 2014, and the doctor suggested surgery if plaintiff's knee pain

6

persisted despite an injection. *See Lopez v. Wal-Mart La., LLC*, 2015 WL 3473015, at *2 (W.D. La. June 1, 2015). Subsequently, the plaintiff visited the doctor on July 30, 2014, and the doctor recommended surgery because the injection failed to relieve plaintiff's pain. *See id.* The court concluded that the earlier medical report suggesting surgery was insufficient to provide defendant with notice of removability. *Id.* However, the court held that when the doctor subsequently recommended surgery, defendant was provided with notice of removability. *Id.* Although persuasive authority, *Lopez* provides a distinction between conditional statements considering surgery and concrete recommendations for surgery for purposes of removability.[5] *Id.* Here, Dr. Rowlands' note regarding the possibility of surgery suggested that the surgery was not yet recommended, but was a possibility if plaintiff's pain persisted or new symptoms developed. Defendants were not able to ascertain whether plaintiff's surgery was recommended or scheduled until March 25, 2019. Therefore, defendants' notice of removal was timely filed on April 16, 2019, within thirty days of ascertaining the case's removability.

### b. Diversity of Citizenship

Plaintiff alleges that there is a lack of complete diversity between the parties due to Savage Services' state of incorporation.[6] (D.I. 4 at 5 n.3; Ex. 5; D.I. 7 at 4 n.1) The complaint states that Savage Services is a "foreign corporation." (D.I. 4, Ex. 1 at ¶ 3) Plaintiff argues that Savage Services' Company Investigator Report from Westlaw shows that Savage Services is incorporated in Utah, Delaware, and Texas. (D.I. 7 at 4 n.1; Ex. 4)

---

[5] The parties do not cite Third Circuit authority discussing the differentiation between the possibility of surgery and recommendation for surgery, and the court was unable to find such binding precedent in its independent research.

[6] The parties only dispute Savage Services' state of incorporation, and plaintiff does not dispute that Savage Services' principal place of business is Midvale, Utah. (*See* D.I. 1 at 1; D.I. 4, Ex. 1 at ¶ 3)

7

Defendants argue that Savage Services is a Utah corporation with its principal place of business in Utah. (D.I. 6 at 5) Defendants contend that plaintiff misinterpreted the Delaware Division of Corporations website, which lists Savage Services' residency as "foreign" and state designation as "Utah." (*Id.*) Defendants argue that a search on the Utah Division of Corporations website reveals that Savage Services is a Utah corporation. (*Id.*) Therefore, defendants conclude that complete diversity exists between the parties and that removal was proper. (*Id.*)

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Delaware Division of Corporations website shows that Savage Services is incorporated in Utah, not Delaware.[7] (D.I. 6, Ex. H) Savage Services has its principal place of business in Midvale, Utah. (D.I. 1 at 1; D.I. 4, Ex. 1 at ¶ 3) Furthermore, plaintiff is domiciled in Delaware and Mr. Stroup is domiciled in Pennsylvania. (D.I. 4, Ex. 1 at ¶¶ 1-2) Therefore, plaintiff is a citizen of Delaware, Mr. Stroup is a citizen of Pennsylvania, and Savage Services is a citizen of Utah. Accordingly, complete diversity exists between all parties.

### c. Plaintiff's Request for Costs and Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). When removal of an action is improper, the plaintiff may be entitled to

---

[7] While a listing of "domestic" on the Delaware Division of Corporations website would indicate that the corporation is domiciled in Delaware, Savage Services is listed as "foreign." (D.I. 4, Ex. 5; D.I. 6, Ex. H) Savage Services' state designation of "Utah" on the Delaware Division of Corporations website confirms that Savage Services is incorporated in Utah. (D.I. 6, Ex. H) Furthermore, the Utah Division of Corporations website lists Savage Services as a Utah corporation with its registered agent address in Midvale, Utah. (D.I. 6, Ex. I)

8

recover attorney's fees, costs, and expenses associated with opposing removal, regardless of whether the action was removed in bad faith. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Id.* at 1260. However, an award of fees is appropriate only when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The court recommended denying plaintiff's motion to remand in sections (IV)(a)-(b) *supra*, which eliminates the need to consider plaintiff's request for costs and attorney's fees. Therefore, the court recommends denying as moot plaintiff's request for costs and attorney's fees incurred.

## V. CONCLUSION

For the foregoing reasons, the court recommends denying plaintiff's motion to remand and denying plaintiff's request for costs and attorney's fees. (C.A. No. 19-689, D.I. 4)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 9, 2019

Sherry R. Fallon
United States Magistrate Judge